James Ronald COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 58843.

Court of Criminal Appeals of Texas, En Banc.

March 16, 1983.

Gerald B. Scheve, Houston (court-appointed), for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

James Ronald Coleman, appellant, appeals his conviction by a jury for committing the offense of burglary of a building. See V.T.C.A., Penal Code, Sec. 30.02(a)(3). Punishment, enhanced by two prior felony convictions, was assessed by the trial court at life imprisonment. See V.T.C.A., Penal Code, Sec. 12.42(d).

Appellant presents several grounds of error in the appeal, one of which concerns the admissibility of a written confession that was admitted into evidence over objection.* However, but in conjunction with his complaint about the admissibility of the written confession, we have found unassigned error: a magistrate, when he administered a legal warning to appellant, failed to honor appellant's request for counsel.

Article 40.09, Sec. 13, V.A.C.C.P., which was in effect at the time appellant gave notice of appeal to this Court, and is therefore applicable to this cause, see *Carter v. State,* 408 S.W.2d 507 (Tex.Cr.App.1966); *Dorsey v. State,* 485 S.W.2d 569 (Tex.Cr. App.1972); *Hill v. State,* 429 S.W.2d 481 (Tex.Cr.App.1968), provided that error, "which in the opinion of the Court of Criminal Appeals should be reviewed in the interest of justice," could be reviewed by this Court although not expressly raised as a ground of error. Because we find that the failure of a magistrate to honor a request by an accused for counsel may rise to the level of "error reviewable in the interest of justice", we will, pursuant to Art. 40.09, Sec. 13, supra, review the unassigned error. Because a magistrate in this instance failed to honor the appellant's request for counsel, and there is no showing that appellant, after he had invoked his right to counsel, affirmatively waived his right to counsel prior to giving an inculpatory statement, in accordance with *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), we will reverse the conviction. Also see *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975).

The facts of this cause reflect that on November 5, 1975, appellant was arrested in Houston by members of the Houston Police Department. On that same date, appellant was released to law enforcement personnel of Grimes County. Appellant was then taken to Anderson, the county seat of Grimes County, where in the office of John Darby, then Sheriff of Grimes County, a magis-

---

* Appellant's specific complaint regarding the written confession that was admitted into evidence goes to his assertion he was "physically and mentally abused", thus rendering the confession inadmissible.

Appellant, however, does argue the following under his ground of error: "Further, if interrogation persists after the accused's request to remain silent, e.g., an indication that the accused does not want to talk, failure to honor the request invalidates the confession secured by the interrogation." Thus, this is not a total Sec. 13 type error, but more nearly represents a quasi-Section 13 type error. See *post.*

trate administered to appellant the now axiomatic legal warning mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When the magistrate administered the legal warning to appellant, appellant invoked his right to counsel. The magistrate informed appellant that because of the lateness of the hour, 12:25 a.m., "I wouldn't be able to get him [an attorney]" at that time, but would honor appellant's request later that morning. Several other law enforcement personnel were present in and around Darby's office during this period of time. Thereafter, with only Darby and appellant present in Darby's office, appellant was questioned by Darby about a series of burglaries (16 in total number) that had occurred in Grimes County. Appellant eventually signed four written confessions, after Darby had given him another legal warning. Appellant admitted in the four confessions he signed his involvement in four of the sixteen burglaries Darby had been investigating. One of the confessions appellant signed implicated him in the offense at bar.

In *Edwards v. Arizona,* supra, the Supreme Court of the United States held that when an accused person has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. *Edwards* also held that an accused, who had expressed his desire to deal with law enforcement officials only through counsel, may not be subjected to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the authorities, and affirmatively waives his right to counsel.

When this cause was tried, and when appellant's counsel on appeal prepared and filed his appellate brief, *Edwards v. Arizona,* Id., had not been decided by the Supreme Court. Does *Edwards v. Arizona,* Id., nevertheless, control the disposition we should make of this cause? We find it does.

In *Miranda v. Arizona,* supra, the Supreme Court held that "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." In *Michigan v. Mosley,* supra, the Supreme Court further interpreted its decision of *Miranda,* and held that 1) the *Miranda* requirement that police interrogation must cease when the person in custody indicated that he wished to remain silent, neither created a *per se* proscription of indefinite duration upon any further questioning by any police officer at any time or place on any subject, nor imposed a blanket prohibition against the taking or the admission in evidence of voluntary statements, nor permitted a resumption of interrogation after a momentary cessation, 2) the admissibility of incriminating statements obtained after a person in custody had initially decided to remain silent depended on whether his right to cut off questioning was scrupulously honored, and 3) the defendant's incriminating statement in that cause was admissible in evidence, since a) the defendant had been properly advised of his *Miranda* rights at both of his interrogations, b) when the defendant exercised his right to remain silent at the first interrogation, the officer immediately ceased the questioning, and c) the second interrogation occurred after a significant time lapse and was conducted at another location in the building by another officer.

As previously noted, in *Edwards v. Arizona,* supra, the Supreme Court further elaborated on *Miranda* and expressly held: "[W]e now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available." 481 U.S. at 484, 101 S.Ct. at 1884, 68 L.Ed.2d at 386. Also see *Silva v. Estelle,* 672 F.2d 457 (5th Cir.1982).

It is undisputed in this cause that after appellant was brought to Anderson, he was taken to the office of John Darby, then Sheriff of Grimes County. A magistrate was summoned to Darby's office where the magistrate administered the *Miranda* warning to appellant. Soon after the magistrate finished giving appellant the *Miranda* warning, everyone except Darby and appellant then left Darby's office. Darby testified that he then commenced "talking to [appellant] about sixteen (16) burglaries that I had information that he committed [in Grimes County]." After several hours, the appellant finally told Darby: "Sheriff, if I give you a voluntary statement about four (4) of these burglaries, would [you] not file any of the rest of them[?]; but I will not ... name anybody else in these confessions. I'll name myself and give you statements on four (4) of them, if you won't file any more." Darby agreed with appellant that the confessions would be so limited. Shortly thereafter, the appellant gave Darby four written confessions in accordance with their "agreement", and signed the confessions in the presence of a retired county auditor of Grimes County. The record reflects that appellant was alone with Darby from approximately 1:00 a.m. until he gave the written confessions to Darby at approximately 6:00 a.m. After appellant signed the confessions, he was placed in a jail cell at approximately 7:45 a.m. Later that day, appellant was taken before a different magistrate to receive another *Miranda* warning, which he did receive. Appellant did not request an attorney at that time. As previously noted, when appellant appeared before the first magistrate he requested counsel, but such request was not honored "because of the lateness of the hour." The first magistrate testified and confirmed that appellant had requested an attorney. The magistrate testified he told appellant: "Well, I told him at that time, I wouldn't be able to get him one." The magistrate also testified that he went to the jail later that morning, but "was informed [by a deputy sheriff] he [appellant] did not want an attorney; he had already made a statement."

Under *Edwards v. Arizona,* supra, after appellant informed the first magistrate that he wanted counsel, Darby was not entitled to initiate interrogation with the appellant unless the exercise by appellant of his right to counsel was honored or there was a showing by the State that the appellant thereafter initiated contact with Darby *and* there was a showing that he affirmatively waived his right to counsel.

We believe that it was just this type of case that the Supreme Court was concerned with when, in *Edwards v. Arizona,* supra, it stated the following: "When an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver cannot [exist] by showing only that he responded to further police initiated custodial interrogation even if he has been advised of his rights."

In *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979), the Supreme Court also stated the following: "The court must presume that a defendant did not waive his rights; the prosecution's burden is great." Other than Darby giving appellant another *Miranda* warning, prior to the taking of the written confessions, there is no evidence in this record that the appellant knowingly and intelligently waived his right to counsel before making and signing the written inculpatory statements. *Castillo v. State,* 616 S.W.2d 620 (Tex.Cr.App.1981). Also see *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed.2d 1461 (1938).

If it could be argued that appellant did not, during the questioning by Darby, further request an attorney, and that is what this record reflects, and such omission rendered the involved confession admissible, such an argument would be tenuous at best. "To ... require a defendant to specifically request that an attorney be made available during questioning, would protect the knowledgeable accused while penalizing an accused who knows no more than to say he wants an attorney." *Chaney v. Wainwright,* 561 F.2d 1129, 1134 (5th Cir.1977).

Based upon the undisputed facts before us, we hold that the appellant's written confession, which implicated him in the burglary offense of this cause, was obtained in violation of his constitutional rights and should not have been admitted in evidence at his trial.

We have reviewed appellant's other grounds of error, none of which challenge the sufficiency of the evidence, and find them to be either without merit or, if any of them demonstrate error, we do not believe that upon retrial such errors will reoccur. They are therefore all overruled.

The judgment of conviction is reversed and the cause remanded to the trial court.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., concur.