**Emmett Murray HOLLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68925.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Clifton L. Holmes, Longview, for appellant.

Carter Beckworth, Dist. Atty., R. Clement Dunn, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an appeal from a conviction of capital murder. The jury answered in the affirmative the special issues submitted at the punishment stage of the trial pursuant to Article 37.071, V.A.C.C.P., and the trial court assessed appellant's punishment at death.

The appellant presents thirty-three grounds of error contending that the trial court erred: in excusing nine jurors, in failing to sustain his challenge for cause of three jurors; in admitting the appellant's oral confession; in admitting photographs of the deceased's body; in allowing the in-court identification of the appellant; in overruling his motion for mistrial based on the State's failure to disclose requested material; in overruling his motion for mistrial based on a State's witness' comment on the failure of the appellant to testify; in overruling his objection to the testimony of the State's psychiatrist, Dr. James Grigson; and in overruling his objection to the testimony of State's psychiatrist Dr. E. Clay Griffith.

The appellant claims in his first two grounds of error that the trial court erred in excusing venire member Janice McBride because she was not disqualified under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and its

progeny.[1] A review of the record indicates, however, that the prosecutor investigated at length her views on the death penalty and how her views would influence her service as a juror. Upon defense questioning the following exchange was had:

"A. [McBride]: Would I automatically vote against the death penalty? Yes.
"[DEFENSE ATTORNEY]: I can't quarrel with her answer, Your Honor.
"THE COURT: Thank you, ma'am. I appreciate your coming. You may be excused."

The appellant made no objection to the exclusion of venire member McBride. No error is shown. *Johnson v. State,* 629 S.W.2d 731 (Tex.Cr.App.1981).

In his third and fourth grounds of error the appellant contends that the trial court erroneously excluded Mrs. R.O. Binford. Viewing the voir dire of Mrs. Binford in its entirety, it is apparent that initially she did express doubts and confusion as the appellant contends. She answered she "probably could" vote for the death penalty if her own family were involved, but stated that, "There again, I really don't know." However, Mrs. Binford later gave a clear, definite response to both the State and the appellant, to the effect that she would vote against the death penalty.

"Q. Okay. Do you remember my question now basically?
"A. Could I give the death penalty?
"Q. Yes, ma'am.
" * * *
"A. Okay. No. I will give a definite no.
"Q. Okay. The basic question is this then, Mrs. Binford, and I will go back to it, and I think you answered it yes the first time, but I want to make sure that you understand; the key question is, since from that answer, would you automatically vote against the imposition of the death sentence, regardless of the evidence that might be presented before you?

"A. I probably would.
"Q. Thank you, Mrs. Binford; I appreciate your honesty.
" * * *
"Q. One further question, Mrs. Binford, and again, I apologize for the appearance of what is going on; that we are browbeating you, but we are really not, because in any criminal proceeding, the Defendant is entitled to a jury, fair and impartial, as is the State. And we are not supposed to have jurors in capital cases who are irrevocably in favor of the death penalty; that's not the purpose and that's not the test, and we can't ask you about the facts of this case, because there are none at this point in time. All we can ask you is, in a proper case, and again, that is left up to you to consider whatever facts might occur. In that proper case, however heinous the facts may be, could you consider the death penalty as a proper punishment; give it due and fair consideration, in your deliberations?
"A. I think not.
" * * *

"MR. FOSTER: Thank you.
"THE COURT: Thank you very much, and you may be excused."

█ It is also clear from a review of the record as set out above that the appellant neither claimed Mrs. Binford was qualified nor objected to her being excused. Thus, there not only is no violation of *Witherspoon,* supra, there is also nothing presented for review by the appellant. *Johnson v. State,* supra.

█ The appellant next claims that the trial court erred in excusing venire member Homer David Tippett. The appellant concedes that Tippett did state that he would automatically vote against the death penalty. A review of the voir dire reveals that the venire member was never effectively rehabilitated. At no point did he demur

1. The appellant lists two separate grounds of error regarding the exclusion of each of three jurors, but admits each two are "the same" in his first six grounds of error. We have combined each of the pairs in our discussion.

from his stance that he would automatically vote against imposition of the death penalty. The trial court properly excused Mr. Tippett. Additionally, the record again reflects no objection to the trial court's excusal, and the appellant presents nothing for review. *Johnson v. State*, supra.

■ The appellant alleges in six grounds of error that the trial court denied him due process of law in excusing venire members Richard Eric Jones, Wilma Shertzer, Gregory Dan Johnson, Russell Haynes, Ester Lee Pollard and Frank Higginbotham. Five of these prospective jurors were excused by the trial court on the State's challenge for cause because they could not consider probation as a proper range of punishment for murder.[2] The appellant concedes that this Court has held contrary to his position in *Moore v. State*, 542 S.W.2d 664 (Tex.Cr. App.1976); *Chambers v. State*, 568 S.W.2d 313 (Tex.Cr.App.1978); *Bodde v. State*, 568 S.W.2d 344 (Tex.Cr.App.1978) and *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App. 1978), but urges us to reconsider that position. This we decline to do. The State's challenge was properly based on Article 35.16, V.A.C.C.P., which provides for the challenge of a prospective juror who "has a bias or prejudice against *any phase of the law* upon which the State is entitled to rely for conviction or punishment." (Emphasis added.) The court properly sustained the State's challenge. No error is shown in the excusal of venire members Jones, Johnson, Haynes, Pollard, and Higginbotham.

■ The appellant further contends, citing *Payton v. State*, 572 S.W.2d 677 (Tex. Cr.App.1978), that the trial court erred by excusing venire member Higginbotham on its own motion because he was not disqualified. We disagree. Upon review of the voir dire of Higginbotham it is obvious that, although he showed some equivocation, he clearly could not consider probation in the case of a conviction for murder. He thereby was disqualified as per Article 35.-16(b)(3), V.A.C.C.P. Cf. *Payton* supra. Furthermore, the record does not reflect

any specific objection to Higginbotham's excusal other than the comment, "Note our exception to the record." The trial court properly excused Higginbotham and no error is presented for review. See *Hernandez v. State*, 643 S.W.2d 397 (Tex.Cr.App. 1983).

The appellant next contends that the trial court erred in refusing his challenge for cause to venire member Joanna Click. Specifically, appellant claims that Click would have shifted the burden of proof to appellant on the issue of his knowledge that the victim of the offense was a police officer in the lawful exercise of his duty.

■ A review of the record shows that Ms. Click indicated she understood and would follow the law with respect to the State's burden of proof. On cross-examination of venire member Click, counsel for the appellant attempted to question her as to her statement that she would "find it hard to believe that he (appellant) wouldn't realize he (the peace officer) was in the line of duty." The following colloquy ensued:

"Q. Well, what I'm asking you, would it affect your deliberations, the way you feel and the way you have just told us you feel?

"A. If it is proven to me that the policeman was without a doubt acting in the line of duty, and there was no doubt that it would be obvious to somebody that he stopped that he was acting in the line of duty—

"Q. Well, let me ask you; you stated that you found it hard to believe that you wouldn't know; is that what you told me?

"A. If he was in an unmarked car, if he was in a suit, and he just told me he was a policeman I wouldn't know whether he was or not.

"Q. Would you desire some evidence of that nature?

"A. Un-hun."

\*    \*    \*    \*    \*    \*

2. The record indicates that, contrary to the appellant's assertion in this ground of error, Wilma Shertzer was excused upon the appellant's exercise of a peremptory challenge.

"Q. Did you understand the question?

"A. I explained to you how I would differentiate between capital murder and murder.

"Q. Yes, ma'am.

"A. In this particular case.

"Q. Yes, ma'am. Let me back up and ask the same question again, if I can. The question was, You had told us that you would find it hard to believe that they wouldn't know that it was a peace officer; remember then I asked you about that?

"A. Now I said a policeman.

"Q. Right.

"A. That wears a uniform.

"Q. Then I asked you, would you require some evidence to show you that they were not—that they did not know it was a policeman?

"A. Yes.

"Q. And that was your response?

"A. Yes.

"Q. And what I asked you was, based on that and that requirement, would that feeling that you have affect your deliberations; is that what I asked?

"A. Yes."

Upon further examination by the State, Ms. Click reaffirmed her understanding that the burden of proof is upon the State and that the defendant has no burden at all.

We find no showing in the record that venire person Click "would require some evidence *from the defendant* that he did not know it was a policeman" as the appellant asserts. In light of the entire voir dire it is clear that Ms. Click properly understood and accepted the State's burden of proof. Furthermore, the record reflects no objection by the defense to this venire person other than the statement, "We would resubmit (sic) her on prior grounds, Your Honor." The appellant nowhere articulates any "prior grounds," nor does he sufficiently articulate any challenge for cause. *Moore v. State*, 542 S.W.2d 664 (Tex.Cr.App.1976). This ground of error is overruled.

■ The appellant contends that the trial court erred in failing to sustain the appellant's challenge for cause of the prospective juror Kenneth Ray Schrimsher. Appellant urges that this venire member could not consider life imprisonment as a punishment for capital murder, but would automatically vote for the death penalty. The record, however, indicates otherwise. Schrimsher stated in response to State questioning that he could "consider both penalties" for a capital murder conviction, with a view "toward giving either one." Although he did indicate that in an appropriate case he would favor the death penalty, Schrimsher stated that he would not automatically vote for it and that he would consider life imprisonment. Mr. Schrimsher was thus not disqualified as asserted by appellant. We further note that at the close of the voir dire the following colloquy occurred:

"MR. HOLMES: Submit him.

"THE COURT: Overrule.

"MR. HOLMES: Peremptory.

"THE COURT: You may be finally excused. Thank you for coming. You need not report back."

There is thus, again, no proper challenge for cause or basis for support of the challenge for cause. Nothing is preserved for review. *Moore*, supra.

■ The appellant contends that the trial court erred in overruling his challenge for cause of venire person Wilma Schertzer because she stated she would consider neither life imprisonment nor probation as alternative punishments in the event of conviction for a lesser included offense. We find, however, that the record fails to support the appellant's claim. At no point does the record of the voir dire indicate that Ms. Schertzer could *not consider* both alternatives. The venire member clearly stated in response to the State's voir dire that she could consider life imprisonment for a defendant convicted of murder:

"... In other words, in every case, murder, robbery, anything else, the law is set up by the Legislature and says here is what the punishment could be. So a

proper juror must feel they have an open mind and be able to consider both of the angles in an appropriate case. Could you consider in a capital murder case, not this case, consider either life imprisonment or the death penalty?

"A. I could consider it, yes."

She later indicated her ability to consider probation for a defendant convicted of murder:

"... If you went out and said, twenty years; probation doesn't come up. But if you had decided in whatever this appropriate case is, and only if you have decided on ten, nine, eight, seven, six, or five; if you have decided, and he has proved that he has never before been convicted of a felony, then he is entitled to you considering granting probation under those circumstances only. Could you do that in an appropriate case such as the old man or whatever example you might—?

"A. I think I could. Right."

Upon defense questioning, Ms. Schertzer voiced her disillusionment with probation. However, viewed *in toto* Ms. Schertzer's answers on both State and defense voir dire indicate she would consider the full range of punishment involved. Ms. Schertzer was not subject to the alleged disqualification. Furthermore, the appellant again failed to properly state his challenge for cause and the basis of such challenge. No error is shown. *Moore v. State*, supra.

In his eighteenth ground of error appellant complains that the trial court erred in admitting an oral confession obtained during custodial interrogation. The trial court held a pretrial hearing on appellant's Motion to Suppress as well as a *Jackson v. Denno* hearing out of the presence of the jury prior to the confession being offered. Appellant relies upon *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and *Stone v. State*, 612 S.W.2d 542 (Tex.Cr.App.1981) and argues that the confession was obtained without counsel present after appellant had invoked his Fifth Amendment right to counsel. We disagree.

The record reflects that in the early morning hours of November 23, 1977, appellant was arrested in Gilmer following a high speed chase. The appellant was "magistrized" in Gilmer upon arrest and again upon arriving in Longview. Appellant signed two notices acknowledging receipt of his *Miranda* warnings. Later that day, November 23, 1977, an attorney was appointed. The record reflects that the attorney proceeded to the jail to confer with his client. *Prior to ever meeting with appellant* counsel advised the investigator for the District Attorney's office that he wanted to get word back to his client that he didn't want appellant speaking with anyone without him present. Counsel then met with his client and left for the Thanksgiving Day weekend. The following day officers Maxey and Puckett had appellant brought to an interrogation room wherein they proceeded to advise him of his rights. Both officers testified at both the pretrial hearing and at *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing, that appellant indicated that he understood his rights and that he did not want an attorney present. The appellant, while indicating he would not give a written statement, proceeded to give an oral confession to the offense charged. This oral confession led to the discovery of a bullet hole in the floorboard of the car which appellant was driving at the time of the alleged offense. The record further reflects that Officers Maxey and Puckett had no knowledge that appellant was represented by counsel. The trial court entered findings of fact and conclusions of law in accordance with the above stated facts.

The judge at the *Jackson v. Denno*, supra, hearing is the sole judge of the weight and credibility of the witnesses. He may believe or disbelieve all or any part of any witness' testimony. *Hawkins v. State*, 660 S.W.2d 65 at 72 (Tex.Cr.App. 1983). Whether a defendant has waived his right to have counsel present is to be determined based upon the totality of the circumstances. *Hawkins*, supra; *Williams v. State*, 566 S.W.2d 919 (Tex.Cr.

App.1978). Axiomatic to the right to counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution is that the right belongs to the accused not to counsel. Just as counsel may not waive his client's right without the consent of his client, likewise he cannot invoke said right without the consent of his client. Appellant's reliance on *Stone,* supra and *Edwards,* supra, is misplaced.

In *Stone,* the accused was delivered to the police by his counsel and counsel then advised the police that his client did not want to make a statement. In *Edwards,* supra, the accused *himself* told the police he wanted to confer with an attorney prior to making any statement. The record here plainly reflects that counsel attempted to invoke his client's right to counsel *without ever speaking to his client.* The record is silent as to any attempt by counsel to advise authorities subsequent to conferring with his client. In fact the record is uncontroverted that after conferring with his attorney, appellant was brought to an interrogation room and advised of his rights for the third time. Appellant then indicated he understood his rights and he did not want an attorney present. Noteworthy is the fact that appellant offered no evidence to contradict officers Maxey and Puckett. There is no evidence of any knowledge, much less any agreement, on the part of authorities, not to question appellant without counsel present. See *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982); *Stone,* supra; *Phifer v. State,* 651 S.W.2d 774 (Tex.Cr.App.1983). Appellant's eighteenth ground of error is overruled.

Appellant's next contentions relate to the admissibility of several photographs of the deceased. Appellant alleges the photographs were admitted solely to inflame the minds of the jurors and in no way assisted the jury in determining a fact issue relevant to the offense. We disagree and overrule grounds of error nineteen and twenty.

In *Martin v. State,* 475 S.W.2d 265 (Tex. Cr.App.1972) this Court enunciated the rule pertaining to the admissibility of photographs:

"If a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible." *Martin v. State,* 475 S.W.2d at 267.

This Court recently declined to distinguish pre and post-autopsy photographs. *Harris v. State,* 661 S.W.2d 106 (Tex.Cr. App.1983). The photographs instantly are not gruesome, nor do they show any mutilation of the victim caused by the surgery in performing the autopsy. Cf., *Terry v. State,* 491 S.W.2d 161, 164 (Tex.Cr.App. 1973). The photographs in question merely depict the crime scene and the entry and exit wounds as seen in the autopsy.

In his twenty-first ground of error appellant complains that the trial court erred in admitting, over timely objection, witness Thomas' in-court identification which appellant alleges was tainted by an improper pretrial photo show up. After a thorough review of Ms. Thomas' testimony, we are of the opinion that the taint, if any, was completely removed by the witness' testimony that her in-court identification was based solely upon her recollection of appellant during the alleged robbery. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Absent clear and convincing evidence that the in-court identification is tainted by improper pretrial procedures, the in-court identification is always admissible. *Jackson v. State,* 628 S.W.2d 446 (Tex.Cr.App.1982). The evidence presented in this cause regarding possible taint falls short of "clear and convincing." While Ms. Thomas at first testified that she was shown only one picture by the police, she later equivocated and testified that she could not remember whether she was shown one or many photos. A police report offered into evidence by the appellant clearly shows that the

witness was shown several photographs. On the other hand the witness never wavered in her testimony that her in-court identification was based solely upon her recollection of the appellant the night of the robbery. We overrule appellant's twenty-first ground of error.

Appellant's next contention is that the trial court erred in denying his motion for mistrial, alleging that the prosecution withheld evidence favorable to him. He contends that police offense reports, and a photospread, indicating that witness Thomas was unable to identify appellant, were withheld. However, it is uncontroverted that the photospread in question did not even contain a photo of appellant. The report in question indicated a hesitancy on Ms. Thomas' part to identify the robber. This is not exculpatory evidence. At best the witness' prior hesitancy to identify the robber goes to the weight of her testimony and not the admissibility. The trial court offered appellant the opportunity to recall witness Thomas for further cross-examination in view of the offense reports. Appellant declined. Appellant's contention is overruled. Nothing is presented for review.

Appellant next challenges the sufficiency of the evidence to support the jury's affirmative answer to special issue No. Two. See Art. 37.071(b)(2) V.A.C.C.P.

During the punishment hearing the state offered all the testimony adduced at the guilt stage and additionally offered the testimony of Drs. Grigson and Griffith, both licensed psychiatrists. Neither doctor had examined appellant. Both testified on the basis of a long detailed hypothetical based upon the facts and circumstances surrounding the instant offense. Neither doctor had any prior history or criminal background upon which to rely. (Appellant apparently had no prior criminal convictions.) On the basis of this hypothetical Dr. Grigson testified that he was "absolutely certain" appellant would be a continuing threat, that appellant was a "severe sociopath" and that there is no known cure for this condition. Dr. Griffith was equally adamant in his opinion. The appellant had, immediately prior to killing the police offi-

cer, committed two very serious and potentially violent criminal offenses (aggravated robbery). Additionally, there was evidence in the case that appellant felt no remorse for the killing. The accomplice witness in the case testified that, after shooting the officer, appellant in response to a question from the accomplice as to why he killed the officer, replied "it wasn't anything, there are lots of others that need it." Immediately after the killing, appellant asked the accomplice to reload the murder weapon. Finally we note that the officer was shot by appellant five times with a .357 magnum pistol, the officer having never drawn his weapon. This is probative evidence of not only appellant's total disregard for the value of human life but also his disregard for lawful authority.

In *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) the United States Supreme Court found the Texas capital murder statute and sentencing scheme to be constitutional. That Court's decision was largely based upon this Court's determination that the statute provided a mechanism for jury consideration of mitigating factors. *Jurek v. State*, 522 S.W.2d 934 (Tex.Cr.App.1975). In *Jurek* this Court detailed factors which a jury may consider in answering special issue No. Two, including the defendant's prior criminal record, whether the prior record is severe, the youth or age of the defendant, whether the defendant was acting under duress or domination, and whether the defendant was acting under extreme emotional pressure. Since that time this Court has held psychiatric testimony to be probative on these issues, *Brooks v. State*, 599 S.W.2d 312 (Tex.Cr.App. 1979), although not essential. *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977); *Jurek*, supra, and *Estelle v. Smith*, 451 U.S. 454, 455, 101 S.Ct. 1866, 1878, 68 L.Ed.2d 359 (1981). Moreover, psychiatric testimony based solely upon hypothetical questions, without the benefit of an examination of the defendant by the witness, is constitutionally permissible. *Barefoot v. Estelle*, —— U.S. ——, 103 S.Ct. 3383, 77

L.Ed.2d 1090 (1983); *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Cr.App.1982). Additionally, the facts of a given crime, if sufficiently brutal, senseless, or heinous, may be sufficient, standing alone, to support an affirmative answer to special issue No. Two. *O'Bryan v. State*, 591 S.W.2d 464 (Tex.Cr.App.1979); *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1979); *King v. State*, 631 S.W.2d 486 (Tex.Cr.App.1983).

We note that the appellant in the instant case takes much the same position that was taken by Thomas Barefoot and by the American Psychiatric Association with regard to the admissibility of psychiatric testimony that is given without the benefit of a personal examination of a defendant. We agree however, with the reasoning of Justice White:

> "We are unconvinced, however, at least as of now, that the adversary process cannot be trusted to sort out the reliable from the unreliable evidence and opinion about future dangerousness, particularly when the convicted felon has the opportunity to present his own side of the case." *Barefoot*, supra, at p. 3397.

Appellant relies upon this Court's holding in *Roney v. State*, 632 S.W.2d 598 (Tex.Cr.App.1982) and *Warren v. State*, 562 S.W.2d 474 (Tex.Cr.App.1978). In both those cases this Court found the evidence insufficient to support the jury's verdict on special issue No. Two. *Warren*, supra involved an initially unarmed defendant, surprised by an armed victim during a burglary, coupled with no psychiatric testimony whatsoever. *Roney*, supra, involved a seventeen year old defendant who apparently panicked during a robbery, and who subsequently voluntarily surrendered to police.

We find the facts in *Adams v. State*, 577 S.W.2d 717 (Tex.Cr.App.1979) to more closely resemble the instant case. In *Adams*, supra, the appellant shot a police officer after being stopped for a minor traffic violation. Adams was examined by two psychiatrists who testified substantially the same as the psychiatrists in the instant case. While Adams had a prior misdemeanor record, and appellant here has none, we consider this insignificant in light of the fact that appellant, immediately prior to the killing, committed two aggravated robberies.

■ We find the evidence sufficient to support an affirmative answer to special issue No. Two. Ground of error No. Twenty-three is overruled.

■ In ground of error No. Twenty-four appellant complains that Dr. Griffith commented on his failure to testify. We have reviewed the testimony that appellant identifies and we find that Dr. Griffith was responding to general hypothetical questions regarding preferred methodology of predicting dangerousness in the psychiatric profession and was not in any way commenting on appellant's failure to testify.[3] Ground of error No. Twenty-four is without merit.

■ Appellant next contends that Dr. Grigson's testimony was based upon third party hearsay, as well as hypothetical facts, and that this deprived him of the effective assistance of counsel. This is essentially the error upon which Appellant's

---

**3.** The testimony complained of is as follows (emphasis ours):

> "MR. HOLMES: Would your associates in the field of psychiatry agree with you that the best way to make that kind of extremely important diagnosis is on the basis of a hypothetical question asked you by a District Attorney?
> "DR. GRIFFITH: It may not be the best way, but sometimes its the only way, if we are not allowed to examine the individual.
> "MR. HOLMES: You have testified in how many murder trials?

> "DR. GRIFFITH: Something around—between four and five hundred. I think we have had nine this year.
> "MR. HOLMES: That you have testified in?
> "DR. GRIFFITH: Yes, sir?
> "MR. HOLMES: Do you frequently testify on the basis of a hypothetical question like was just asked you?
> "DR. GRIFFITH: Probably half of the time, yes.
> "MR. HOLMES: *Without ever examining them?*
> "DR. GRIFFITH: *Yes, when we are not allowed to.*"

first conviction was reversed. *Holloway v. State,* 613 S.W.2d 497 (Tex.Cr.App.1981). At the retrial Dr. Grigson testified that he would base his testimony solely upon the hypothetical questions propounded. Grigson stated he was trained to wipe things out of his mind and he could disregard anything he had learned through prior discussions with third persons. There is nothing in the record to indicate that he did not in fact rely solely on the hypothetical facts. Ground of error No. Twenty-five is overruled.

Finally in grounds of error No. Twenty-six through Thirty-three appellant alleges various errors, all related to the admissibility of the psychiatric testimony discussed infra. We are of the opinion that the United States Supreme Court has answered all of these contentions adversely to appellant in *Barefoot,* supra. We therefore overrule the remaining grounds of error presented by appellant.

Having found no reversible error, we affirm the judgment of the trial court.

ONION, P.J., and MILLER, J., concur.

CLINTON, Judge, dissenting.

The majority errs in overruling appellant's twelfth ground of error which complains of the trial court's *sua sponte* exclusion of juror Higginbotham over his objection. Higginbotham was not "absolutely" disqualified under Article 35.16, V.A.C.C.P.;[1] See also Article 35.19, V.A.C.C.P.; he merely expressed inability to consider probation in the event of conviction for murder. *Id.* Therefore, the trial judge's action in excusing him was error. *Hernandez v. State,* 643 S.W.2d 397 (Tex.Cr.App. 1982); *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980); *Bodde v. State,* 568 S.W.2d 344 (Tex.Cr.App.1978); *Valore v. State,* 545 S.W.2d 477 (Tex.Cr.App.1977).

The majority, however, holds the appellant's objection—"note our exception to the record"—was not specific enough to preserve the error.

Until the court requires the prosecution to state specific grounds for *its* objections to jurors and challenges for cause, I am of the view that the objection made here is adequate. When a juror is excluded over the defendant's objection, it is absurd that he should be required to stand and recite a litany of all the reasons the juror should *not* be excused.

I dissent.

TEAGUE, Judge, dissenting.

I write on what appears to me to be the most glaring thing wrong with the majority opinion, which concerns the disposition that is made of appellant's claim that his confession was inadmissible evidence at his trial. However, my limited remarks should not be interpreted to mean that the majority opinion has otherwise correctly disposed of all of appellant's other contentions, because I find it has not done so.

The majority opinion informs us that appellant was "magistrized" several times, after which, inferentially at least, when he appeared before the last magistrate, and after appellant had invoked his right to counsel, the last magistrate appointed him counsel. The State, through one of its agents and representatives, was thereafter put on notice that appellant had been appointed counsel and then had counsel representing him. Nevertheless, the State, through other agents and representatives, initiated interrogation and thereafter its agents and representatives successfully obtained from appellant a confession. Appellant, at that moment in time, although represented by lawfully court appointed coun-

---

1. *"No juror shall be impaneled* when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, *although both parties consent.* All other grounds for challenge may be waived by the party or parties in whose favor such grounds of challenge exist [Emphasis added]."

The second, third and fourth grounds for challenge set out in the statute are that the venireperson has been convicted of a felony, is under accusation for a felony, or theft, is insane or physically unfit to serve, is legally blind and the court, one party or the venireperson himself believes it would render him unfit.

sel, was without the assistance of his lawfully appointed counsel.

It is or should be axiomatic by now that once a magistrate or judge has appointed the accused counsel, and thereafter he consults with that counsel, that this amounts to an invocation of the right to counsel guaranteed by the Federal and State Constitutions. The burden is then upon the State to demonstrate an affirmative waiver of the right to counsel by the accused before further interrogation may be instituted. See *Wilkerson v. State*, 657 S.W.2d 784 (Tex.Cr.App.1983).

"[I]t is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to [interrogate or] reinterrogate an accused in custody if he has clearly asserted his right to counsel." See *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which held in part that "an accused ..., having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Also see *Coleman v. State*, 646 S.W.2d 937 (Tex.Cr.App.1983); *Phifer v. State*, 651 S.W.2d 774 (Tex.Cr.App.1983); and *Wilkerson v. State*, supra.

When contact by the police with the accused is not initiated by the accused, as happened in this instance, and at that moment in time the accused has invoked his right to counsel and has counsel appointed to represent him, before a confession that is thereafter obtained can become admissible evidence, the prosecution must establish a knowing and intelligent relinquishment or abandonment of the right to counsel, "which depends in each case 'upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused,'" *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). This indeed is an extremely heavy burden that the prosecution must sustain,

which I find in this instance that they did not sustain.

Thus, for this reason, if no other, appellant's conviction should be set aside.

I respectfully dissent.