Willis-GR v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-220-CR

     GLEN ROYAL WILLIS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 19,027-CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Appellant of murdering his wife with a twelve-gauge pump shotgun and
sentenced him to twenty years in prison. He appeals on three points asserting that the trial court
erred in overruling his objections to the introduction of a diagram and photographs into evidence. 
Because we cannot say that the trial court abused its discretion in admitting any of the exhibits,
we will affirm the judgment. See Tex. R. Crim. Evid. 401, 403; Montgomery v. State, 810
S.W.2d 372, 389 (Tex. Crim. App. 1991); Johnson v. State, 698 S.W.2d 154, 160 (Tex. Crim.
App. 1985).
FACTUAL BACKGROUND
      A deputy and the Midlothian police were summoned to the Willis residence on February 11,
1992, after Appellant reported that he had just shot and killed his wife. Appellant and his wife
had fought earlier in the evening while they were on their way to Dallas to purchase liquor for
Mrs. Willis at her insistence. According to Appellant, his wife abruptly stopped the truck on the
shoulder of the highway and spun it around, ordering Appellant out of the vehicle. She then
headed for home. Appellant stated that he walked to a bar on the outskirts of Midlothian, had two
beers, and persuaded another customer in the bar to drive him home.
      When Appellant arrived home, he saw that the tires on his truck had been slashed. When
Mrs. Willis realized that her husband had entered the house to pack a few belongings to go to a
motel for the night, she ran to the rear of the house where Appellant thought she had retrieved a
pistol. She then began moving in his direction from the back of the house screaming, "You're not
leaving me." As Appellant heard her approach, he grabbed his shotgun which was leaning against
the wall in the kitchen and shot her twice at close range. He then called authorities for help.
      The evidence at trial concerning Mrs. Willis' psychiatric history reflects that she had been
hospitalized and treated numerous times for drug and alcohol abuse, depression, and anxiety and
did not take her medication as prescribed. She had previously threatened to kill Appellant and was
considered to be dangerous. According to Appellant, she had been extremely depressed for some
days prior to the shooting. The jury was charged on murder, voluntary manslaughter under the
influence of sudden passion, and self-defense.
POINTS ON APPEAL 
      Appellant complains in point one that the court erred in admitting into evidence photographs
of the deceased at the scene of the shooting, because their probative value was substantially
outweighed by their prejudicial effect. See Tex. R. Civ. Evid. 403. In point two, Appellant
asserts that the court erred in admitting a diagram, not drawn to scale, of the house where the
shooting occurred. Appellant takes the position that because the purpose of the diagram was to
prove relative distance, the diagram's acknowledged inaccuracies rendered it inadmissible. 
Finally, Appellant alleges in point three that the court erred in admitting three autopsy photographs
of the shotgun wounds, because these photos were unnecessary and could only serve to inflame
the jury. Appellant does not contest the relevance of any of the exhibits in question.
PROBATIVE VALUE VS. PREJUDICIAL EFFECT
      Rule 403 provides in part: "Although relevant, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice . . . ." Tex. R. Crim. Evid.
403. When the court is called upon by sufficient objection to weigh the probative value of
evidence against its potential for unfair prejudice, it has no discretion as to whether to engage in
the balancing process. Hicks v. State, No. 93-13-064, slip op. at 3 (Tex. Crim. App. March 31,
1993); Montgomery, 810 S.W.2d at 389; Long v. State, 823 S.W.2d 259, 271 (Tex. Crim. App.
1991). Rule 403 does not assign burdens; rather, it imposes a duty on the trial judge to comply
with the rule. Id.; Tex. R. Crim. Evid. 403. The court's determination under Rule 403 is
reviewed by the abuse-of-discretion standard. Montgomery, 810 S.W.2d at 389. In making this
determination, the court should ask the proponent to explain the probative value of the evidence,
then question the opponent as to the nature and degree of the prejudice. Id. Criteria that the court
may consider include: that the ultimate issue is not seriously contested by the opponent; that the
proponent has other convincing evidence to establish the fact which the proffered evidence tends
to establish; that the proffered evidence, alone or in combination with other evidence, is not
particularly compelling; and that the prejudicial effect is such that a limiting instruction will not
be effective. Id. Because Rule 403 favors admissibility of relevant evidence, the presumption is
that relevant evidence will be more probative than prejudicial. Id. 
                                     THE PHOTOGRAPHS AT THE SCENE
      Photographs, including autopsy photos, are subject to Rule 403 balancing. Long, 823 S.W.2d
at 273-75. The admissibility of photographs is within the discretion of the court, which
determines whether they serve the proper purpose of enlightening the jury. Villegas v. State, 791
S.W.2d 226, 237 (Tex. App.—Corpus Christi 1990, pet. ref'd). Photographs are admissible if
they are relevant and their probative value is not substantially outweighed by unfair prejudice. 
Tex. R. Crim. Evid. 402, 403; Madden v. State, 799 S.W.2d 683, 696 n.22 (Tex. Crim. App.
1990). Gruesomeness is one factor in weighing the prejudicial effect of a photograph. Madden,
799 S.W.2d at 696. In deciding whether photographs are prejudicial, the court should consider
their gruesomeness, detail and size; whether they are black and white or color; whether they are
close-up; whether the body is naked or clothed; and other factors unique to each situation
photographed. Goodwin v. State, 799 S.W.2d 719, 739 (Tex. Crim. App. 1990), cert. denied, 
 U.S. , 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991).
      State's exhibits 15, 17, and 19 depict the victim's fully-clothed body as it was found at the
scene. Appellant objected that their prejudicial effect substantially outweighed their probative
value because of their graphic nature. These photos were taken at different angles and distances
and not only showed the position of the body, her clothes and the gunshot wounds, but also the
relative position of the body to other objects in the room. None of these photos were unduly
gruesome, especially when compared with State's exhibit 18 in which her blouse had been raised
to reveal the large gunshot wound in her abdomen. Appellant did not object to the admission of
exhibit 18. The testimony of the police officers and investigators describing the crime scene was
admissible; thus, the court did not abuse its discretion in admitting the photographs of the scene. 
See Burdine v. State, 719 S.W.2d 309, 316-17 (Tex. Crim. App. 1986), cert. denied, 480 U.S.
940 (1987); Brown v. State, 696 S.W.2d 913, 914 (Tex. Crim. App. 1985); Holloway v. State,
691 S.W.2d 608, 615 (Tex. Crim App. 1984). Point one is overruled.
AUTOPSY PHOTOGRAPHS
      The State introduced exhibits 27, 28, and 29 through the pathologist and medical examiner
of the Southwestern Institute of Forensic Science who performed an autopsy on the victim. The
three photographs separately show the entry and exit wounds of the two shotgun blasts. Appellant
admits their relevance, even though the cause of death was undisputed, given his theory of self-defense at trial. 
      The photographs are not large blowups but extremely close autopsy photos of the actual
wounds. They are not gruesome and do not reveal any mutilation of the victim caused by the
surgery involved in performing the autopsy. See Holloway v. State, 691 S.W.2d at 615. 
Moreover, Appellant did not object to State's exhibit 18, which depicted the abdominal wound to
the victim's body prior to autopsy. The Court of Criminal Appeals no longer distinguishes
between pre- and post-autopsy photographs. See Harris v. State, 661 S.W.2d 106, 107-08 (Tex.
Crim App. 1983). In addition, the medical examiner described in great detail the wounds
themselves, the angles of the shots, the positions of the wounds on the body, and the estimated
distance between Appellant and his wife when the shooting occurred. As Appellant summarizes
in his brief, the examiner's testimony, taken with that of Appellant, completely and accurately
described the shotgun blasts and resulting wounds. However, contrary to Appellant's assertion
that the detailed testimony rendered the introduction of the photographs unnecessary and thus
unfairly prejudicial, the photographs were properly admitted in light of the admissible verbal
description of what they depicted and with regard to Appellant's claim of self-defense. See
Burdine, 719 S.W.2d at 739. The photos were not cumulative of others entered into evidence and
were helpful to the medical examiner in explaining her conclusions to the jury as to the direction
and path of the shots, the distance from which the shots were fired, and the probable position of
the victim at the time of their impact. The court did not abuse its discretion in admitting the
photographs into evidence. Point three is overruled.
DIAGRAM OF THE SCENE
      Visual, real, or demonstrative evidence is admissible if it tends to solve some issue in and is
relevant to the case. Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). An item
of demonstrative evidence must be properly identified, i.e., a showing that the matter in question
is what its proponent claims. Id.; Tex. R. Crim. Evid. 901(a). Discretion must rest in the trial
judge. Tex. R. Crim. Evid. 104; Jackson v. State, 575 S.W.2d 567, 570 (Tex. Crim. App.
1979). Error does not occur unless the court abuses that discretion. Werner v. State, 711 S.W.2d
639, 643 (Tex. Crim. App. 1986).
      As to the admissibility of exhibit 20, a non-scale diagram of the scene drawn by Deputy
Homer Whitely, Appellant's objection to its admissibility of the basis of inaccuracy addressed the
weight to be accorded the diagram rather than its admissibility. See Yates v. State, 509 S.W.2d
600, 604 (Tex. Crim. App. 1974), cert. denied, 419 U.S. 996 (1974). The jury in this case was
not misled as to the accuracy of the diagram. It was not offered as an exact scale model of the
scene but only as a fair and accurate depiction of the layout of the house that would help clarify
Deputy Whitely's testimony. Whitely readily acknowledged that the chart was not drawn precisely
to scale. He also testified to various measurements he made regarding the positions of particular
evidence and other objects in the house. Any inaccuracies would not have affected its
admissibility. See Jackson v. State, 477 S.W.2d 879, 880 (Tex. Crim. App. 1972). We are
unable to see how the diagram's probative value could have been substantially outweighed by its
prejudicial effect. Point two is overruled.
      We affirm the judgment.
                                                                                     PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed April 21, 1993
Do not publish