Cook v. Cook 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-306-CV

     THOMAS ALLAN COOK,
                                                                                              Appellant
     v.

     ANNIS JO COOK,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 94-2806-3
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Thomas Allan Cook attempted this second interlocutory appeal from temporary orders—this
time from orders dated September 23—entered pursuant to section 3.58 of the Family Code. See
Tex. Fam. Code Ann. § 3.58 (Vernon 1993). 
      Absent an express grant, appellate courts do not have jurisdiction to review interlocutory
orders. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990). Section
3.58(g) of the Family Code states: "An order under this section, except an order appointing a
receiver, is not subject to interlocutory appeal." Id. § 3.58(g).
      We are without jurisdiction to entertain Thomas's complaints about the temporary orders
issued under section 3.58. Id.; Cook v. Cook, No. 10-94-271-CV (Tex. App.—Waco, October
19, 1994, n.w.h.).
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed October 19, 1994
Do not publish



ary and again in the second photo lineup introduced as State's exhibit five during trial. She
identified the photo lineup introduced at trial as one of the two lineups she had viewed the day
after the burglary. She had already unequivocally identified Appellant in the courtroom, without
objection, as one of the men she had seen entering the trailer and who had emerged carrying a
television or a "little brown box" that he had placed in the back of the pickup.
      The jury was aware through both Chief Buchanan's and Lambert's testimony that the photo
lineup introduced in court was not the only lineup originally shown to her. However, Lambert
had already successfully identified Appellant from the photo lineup the day following the burglary
and neither error nor harm has been shown by the admission of the single photo lineup. Nothing
in the record indicates that the photo array in the exhibit was suggestive or that either Lambert's
pre-trial or in-court identification of Appellant was unreliable. See Herrera v. State, 682 S.W.2d
313, 318 (Tex. Crim. App. 1984); Ford v. State, 794 S.W.2d 863, 866 (Tex. App.—El Paso
1990, pet ref'd).
      Appellant also complains under point one that the photo lineup was suggestive because he was
the only one pictured who had blonde or red hair. However, he did not move to exclude the photo
lineup on this basis, nor did he object in any manner to Lambert's in-court identification of him,
such as that it had resulted from an improper pretrial identification procedure. See Ford, 794
S.W.2d at 866; Holloway v. State, 691 S.W.2d 608, 615 (Tex. Crim. App. 1984). Thus,
Appellant has waived this complaint. See Perry v. State, 703 S.W.2d 668, 673-74 (Tex. Crim.
App. 1986). Point one is overruled.
LEGAL SUFFICIENCY OF THE EVIDENCE
      Appellant's second and third points assert that the evidence is legally insufficient to support
his conviction. Evidence will sustain a conviction if, viewing it in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560 (1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).
      In addition to Monica Lambert's testimony that Appellant entered Ledbetter's residence and
removed items and the testimony of the victim herself, Bobby Duke testified that Mike Parker
kicked in the door of Ledbetter's trailer and that Parker and Appellant then entered the trailer and
loaded items into the back of the pickup. Duke further stated that he had helped Appellant pawn
the stolen items in Dallas. Although Duke's testimony as an accomplice would not have been
enough to support Appellant's conviction, Lambert's testimony corroborates Duke's testimony
and, together, constitute legally sufficient evidence to support Appellant's conviction. See
Matson, 819 S.W.2d at 843.
      Although Appellant contends that the testimony of Lambert and of Duke was contradictory,
the credibility of the witnesses was for the jury to resolve, and they were free to accept or reject
all or part of a witness's testimony. See Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App.
1979); Lafoon v. State, 543 S.W.2d 617, 620 (Tex. Crim. App. 1976). 
      Appellant further claims in point two that the identification evidence contained in State's
exhibit five was the only evidence affirmatively linking him to the crime, aside from the
"confusing" testimony of the eyewitness and the testimony of the co-defendant. However, as we
have already held, State's exhibit five and the testimony related to it were admissible and, in any
event, the evidence it contained was cumulative of Lambert's in-court identification of Appellant
which was made without objection. Point two is overruled.
      The judgment is affirmed.

                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed April 14, 1993
Do not publish