Claude Eugene **PAYTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54167.

Court of Criminal Appeals of Texas, En Banc.

Oct. 4, 1978.

Rehearing Denied Nov. 15, 1978.

Michael J. Whitten, Denton, for appellant.

John Lawhon, County Atty. and Mervin B. Waage, Asst. County Atty., Denton, for the State.

## OPINION ON APPELLANT's MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for assault. V.T.C.A., Penal Code Sec. 22.-01(a)(1). Punishment was assessed by the court at six months in jail.

On original submission the conviction was affirmed in a per curiam opinion Tex.Cr. App., 563 S.W.2d 278. In one ground of error appellant complained of the trial court's action in sua sponte excusing a venireman who was qualified to sit on the jury. On original submission the ground of error was overruled because the entire voir dire was not included in the record on appeal. By motion for rehearing appellant urged that the entire voir dire was not needed to determine the issue. We granted leave to file his motion for rehearing in order to address this issue.

The record on appeal reflects that during the trial court's qualification of the entire panel venireman Beck was held disqualified as a matter of law by the trial court over appellant's objection. It was shown that Beck had been convicted of felony driving while intoxicated, was placed on probation, and had satisfactorily served out his probation term and been discharged. Art. 35.19, V.A.C.C.P. provides:

"No juror shall be impaneled when it appears that he is subject to the second, third, or fourth cause of challenge in Article 35.16, though both parties may consent."

Article 35.16(a)(2), V.A.C.C.P., provides for such disqualification where it appears "that he has been convicted of theft or any felony." The court and counsel examined the portion of Article 42.12, Sec. 7, V.A.C.C.P., that provides:

". . . In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who *shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted* or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense." (Emphasis added.)

Appellant urged that the emphasized language released Beck from the absolute disqualification of a felony conviction. The trial court ruled that Beck was disqualified and appellant excepted to the court's ruling.

The trial court should not excuse a venireman on grounds that do not constitute an absolute disqualification. *Henricksen v. State,* Tex.Cr.App., 500 S.W.2d 491, 493; *Ernster v. State,* 165 Tex.Cr.R. 422, 308 S.W.2d 33. It was error to rule that

Beck was absolutely disqualified under the law. He had been "released from all penalties and disabilities" resulting from his earlier conviction, including the disability to serve on a jury. See Op.Atty.Gen.1970, No. M–640. We must determine whether this error is reversible.

On original submission the Court wrote:

"In *Wood v. State* [Tex.Cr.App.], 486 S.W.2d 771, we stated:

" 'Three of appellant's grounds of error concern alleged errors committed by the trial court during the voir dire examination of the jury. The record contains only portions of the voir dire examination. The entire voir dire examination must be brought before this Court in order to enable us to ascertain whether error has been shown. *Longs v. State*, Tex.Cr.App., 429 S.W.2d 157; *McCullough v. State*, Tex.Cr.App., 425 S.W.2d 359.' Having failed to present the entire voir dire examination, there is no showing of harm, and therefore nothing is presented for review. *Guerrero v. State* [Tex.Cr.App.], 487 S.W.2d 729; *Brown v. State* [Tex.Cr.App.], 508 S.W.2d 91; *Graves v. State* [Tex.Cr.App.], 513 S.W.2d 57."

Of the six cases cited on original submission, in *McCullough* and *Long* the issue was whether counsel was unduly limited in his voir dire examination,[1] in *Guerrero* and *Graves* none of the voir dire examination was in the record on appeal, and in *Wood* the opinion did not reflect what complaints were raised on appeal.

In *Brown* complaint was raised to the trial court's denial of the defendant's challenge for cause. The Court wrote:

"Appellant struck the juror from the panel and made no attempt to show that he was required to take an objectionable juror. Only the voir dire examination of this one juror was recorded. This Court has consistently held that in order to complain of the exclusion of a qualified juror or inclusion of an allegedly disqualified juror, the appellant must show he was injured or forced to proceed with an objectionable juror. *Page v. State*, Tex.Cr. App., 486 S.W.2d 300; *Williams v. State*, Tex.Cr.App., 481 S.W.2d 119."

On its facts, *Brown* is not on point in that the case concerned denial of the defendant's challenge for cause rather than erroneous exclusion of a prospective juror by the court. To the extent that *Brown* addresses and equates the tests for exclusion of a qualified juror and inclusion of a disqualified juror, *Hernandez v. State,* Tex.Cr.App., 563 S.W.2d 947, makes it clear that the entire voir dire examination is *not* necessary to determine the issue. The lucid and thoroughly logical approach set out in *Hernandez*, however, also illustrates why the test for harm where a defendant's challenge for cause is erroneously denied is *not* an appropriate test in cases where the trial court erroneously excludes a qualified juror. In *Hernandez*, quoting from *Wolfe v. State*, 147 Tex.Cr.R. 62, 178 S.W.2d 274, the Court wrote:

". . . in the trial of a criminal case where an accused has been wrongfully deprived of a peremptory challenge by being forced to use such upon a juror who was shown to be subject to a challenge for cause, and such accused has exhausted his peremptory challenges, and a further juror be presented whom he states to be objectionable to him, then it will not be necessary for accused to show in what manner such further juror was objectionable to him, nor to show that such juror was an unfair or partial juror. . . ."

It is clear that the test devised to show harm for improper denial of a defendant's challenge for cause is tailored to fit the effect of such an erroneous ruling: having used a peremptory strike against one properly subject to challenge, the accused is effectively deprived of one of his peremptory strikes by the erroneous ruling. No such effect attends an erroneous exclusion of a

---

1. See *Burkett v. State,* Tex.Cr.App., 516 S.W.2d 147, for an explanation of why the entire voir dire must be presented to show reversible error in the denial of a question sought to be asked during jury voir dire.

qualified juror: the accused still has all his peremptory challenges available. Since the harm to the accused differs according to whether the erroneous ruling is an improper denial of his challenge for cause, or an improper exclusion of a qualified juror, the test for reversible error should also be different. We disavow the language in *Brown* that indicates the same test applies to both types of error.

What is the harmful effect upon the accused of an erroneous exclusion sua sponte or on challenge for cause by the State? If the prospective juror is not subject to the alleged disqualification, and if the defendant objects to the trial court's erroneous exclusion of the venireman, then the effect, from the perspective of the defendant, is the same as if the State had been given an extra peremptory challenge. On this reasoning, harm would be shown if the State exercised all its peremptory challenges on other veniremen. This test for harm is supported by language in *Pearce v. State*, Tex.Cr.App., 513 S.W.2d 539, where in addressing a challenge to the trial court's sua sponte dismissal of a venireman this Court wrote:

"There is no showing that the State exhausted its peremptory challenges and that the prospective juror, claimed to have been improperly excused, would have served except for the court's action."

In *Culley v. State*, Tex.Cr.App., 505 S.W.2d 567, on another challenge to the erroneous exclusion of a prospective juror, the Court wrote:

"There is no showing that appellant did not have a fair and impartial jury, *nor that the State had exhausted its peremptory challenges, one of which might have been used to eliminate the prospective juror.*" (Emphasis added.)[2]

We find this test expressed in *Pearce* and *Culley* to be appropriate to the issue before us.

We summarize the rules. While inclusion in the record of the entire voir dire[3] is necessary to decide issues regarding denial of questions sought to be posed to prospective jurors, *Burkett v. State*, Tex.Cr. App., 516 S.W.2d 147, when the issue concerns denial of a challenge for cause or exclusion of a qualified venireman, only the examination of the individual venireman need be in the record. Then harm may be shown in the denial of challenge for cause by showing exhaustion of the defendant's peremptory challenges, denial of a request for additional peremptory challenges, and the seating of a juror upon whom the defendant would have exercised peremptory challenge. *Hernandez v. State*, Tex.Cr. App., 563 S.W.2d 947. Harm may be shown in the erroneous exclusion of a qualified juror by showing the State exhausted its peremptory challenges. *Pearce v. State*, supra, and *Culley v. State*, supra. These rules allow correction of the error, in the former by giving the defendant an extra peremptory challenge to compensate for the one used against the venireman who was subject to challenge for cause, and in the latter by the State's reserving unused one of its peremptory challenges for constructive use against the erroneously excluded venireman.

In the instant case the record shows not only the erroneous exclusion of venireman Beck; it also shows that the State used all of its peremptory challenges against other veniremen. Reversible error is shown.

Appellant's motion for rehearing is granted and the judgment is reversed and the cause remanded.

---

**2.** A showing of denial of a fair and impartial jury would in and of itself show independent grounds for reversal, and the statement of that standard in the alternative is superfluous to the issue before us.

**3.** An alternative practice to the use of court reporters is the use of formal bills of exception. See Art. 40.09(6), V.A.C.C.P.