Collins v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-338-CR




KENNETH COLLINS,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT,


NO. 104,874, HONORABLE JON N. WISSER, JUDGE



 




PER CURIAM

 Appellant was convicted of delivery of cocaine and sentenced to thirty-eight years
imprisonment. Texas Controlled Substances Act, Tex. Health & Safety Code § 481.112 (Pamph.
1991). In a single point of error, appellant claims the trial court erred in granting the State's
challenge for cause to a member of the venire. We will affirm the judgment of conviction.

 On voir dire, prospective juror Peacock indicated that her feelings about drugs
might influence her ability to arrive at a fair verdict and that she would require the State to prove
its case beyond all doubt. The State challenged for cause, and the trial court granted the challenge
over the appellant's objection.

 Assuming that appellant is correct that the trial court erroneously granted the
challenge for cause, appellant has failed to show any harm. See Tex. R. App. P. Ann. 81(b)(2)
(Supp. 1991). Harm is shown in the erroneous exclusion of a qualified juror by showing the State
exhausted its peremptory challenges. Payton v. State, 572 S.W.2d 677, 680 (Tex. Cr. App.
1978). Appellant has not demonstrated that the State exhausted its peremptory challenges and that
the prospective juror Peacock would have served except for the trial court's action.

 In determining whether error is harmless under Rule 81(b)(2), we must focus not
on the propriety of the outcome of the case, but on the integrity of the process leading to the
conviction. Harris v. State, 790 S.W.2d 568, 587 (Tex. Cr. App. 1989); Tex. R. App. P. Ann.
81(b)(2) (Supp. 1991). Factors that should be considered include: (1) the source of the error; (2)
the nature of the error; and (3) whether declaring the error harmless would encourage the State
to repeat it with impunity. Harris, 790 S.W.2d at 587. Procedurally, we must first isolate the
error and all its effects, using the considerations set out above and any other considerations
suggested by the facts of the cause, and second ask whether a rational trier of fact might have
reached a different result if the error and its effects had not occurred. Harris, 790 S.W.2d at 587-88. We do not focus on the weight of the other evidence of appellant's guilt, but instead focus
on whether the error might possibly have prejudiced the jurors' decision-making. In other words,
our responsibility is to determine whether the trial was an essentially fair one. Id.

 After reviewing the record, we conclude that the trial court's action, even if
erroneous, did not affect the fairness of appellant's trial and that a rational trier of fact would have
reached the same result if the error and its effects had not occurred. Appellant's point of error
is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  September 11, 1991

[Do Not Publish]