Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed October 31, 2002.                                                 

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01195-CR  

____________

 

ALEX ERAZO,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the
208th District Court

Harris
 County, Texas

Trial Court Cause
No. 889,940




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            A jury found appellant guilty of
murder and assessed life imprisonment and a $10,000 fine.  In two points of error, he argues the trial
court erred in sua sponte dismissing
a juror who was not disqualified and in admitting a photograph of the
deceased’s unborn child during the punishment stage of the trial.  We affirm.

            

On October 23, 2000,
medical personnel and Houston
police officers arrived at an apartment complex in north Houston
in response to an emergency call.  They
found Kendy Palma on a bed inside one of the units, dead
from a gunshot wound to her head.  Jose
Rigoberto Ayala, a resident of the complex, told police he had been outside
smoking a cigarette when he saw appellant leave the apartment and throw a gun
into the complex’s dumpster.  Police
located appellant at another apartment complex, hiding under a kitchen
sink.  He waived his rights and admitted to
the shooting.  An autopsy determined that
Ms. Palma was six to seven months pregnant at her death.

I.  Juror Dismissal

            In his first point of error,
appellant argues the trial judge erred by sua sponte excusing a juror who was not
absolutely disqualified from service.  We
disagree.

            A trial court has broad discretion
to excuse a prospective juror for good reason. 
See, e.g., Wright v. State, 28 S.W.3d 526, 533 (Tex. Crim. App. 2000) (finding no error when trial court excused
juror because of a recent death in the family).  Here, the court expressed concern that the prospective
juror failed to grasp basic legal concepts. 
If a juror cannot understand the routine words and concepts used in a
trial, the juror may be excused upon
motion or by the court sua sponte. Maldonado v. State, 998 S.W.2d 239, 251
(Tex. Crim. App. 1999) (Price, J., concurring)
(stating that court’s discretion to strike jurors sua sponte was not limited to grounds listed
in Tex. Code Crim.
Proc. Art. 35.16); see also Burton
v. State, 805 S.W.2d 564, 568 (Tex. App.—Dallas 1991, pet ref’d) (finding no error when trial court struck juror who
was confused and unable to understand legal issues crucial to the case).  

Even assuming the trial court’s ruling was error, appellant
has not carried his burden to show harm. 
Citing Payton v. State, 572
S.W.2d 677, 680 (Tex. Crim. App. 1978), he claims entitlement to reversal because
of the erroneous discharge of a juror after the State had used all its
peremptory challenges.   But the Court of
Criminal Appeals has abandoned Payton
and adopted a new rule.  See Jones v. State, 982 S.W.2d 386, 393–94
(Tex. Crim. App. 1998).  Because the rights of a defendant go to those
who serve on the jury, not to those
who are excused from it, erroneous
discharge of a venire member requires reversal only if the error deprived the
defendant of a lawfully constituted jury. 
Id.
at 393.  Appellant made no objection to
the jury that convicted him, and has failed to show how they were unlawfully
constituted.  Appellant’s first point of
error is overruled.

II.  Autopsy Photograph

            In his second point of error,
appellant complains of the admission during the punishment phase of the trial
of a photograph of Ms. Palma’s unborn fetus. 
The color, 4-by-5-inch autopsy photograph depicted the fetus at
twenty-eight weeks gestation.  Appellant
contends the probative value of the photo is outweighed by its inflammatory
nature.  

The admissibility of photographs is within the sound
discretion of the trial judge.  Chamberlain v. State, 998 S.W.2d 230,
237 (Tex. Crim App. 1999).  If verbal
testimony of matters depicted in a photograph is admissible, generally so is
the photograph itself.  Ramirez v. State, 815 S.W.2d 636, 647
(Tex. Crim. App. 1991). Nonetheless, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury.  Tex. R. Evid. 403.  Factors to be considered include “the number
of exhibits offered, their gruesomeness, their detail, their size, whether they
are black and white or color, whether they are close-up, whether the body is
naked or clothed, and the availability of other means of proof and the
circumstances unique to each individual case.”  Chamberlain,
998 S.W.2d at 237.  A trial court does
not err merely because it admits photographs that are gruesome.  Potter
v. State, 74 S.W.3d 105, 112 (Tex.
App.—Waco 2002, no pet.), citing Narvaiz v. State, 850 S.W.2d 415, 430 (Tex. Crim. App.
1992). 

In Reese v. State, the
Court of Criminal Appeals held the trial court abused its discretion in
admitting during the punishment phase an eight-by-ten-inch color photograph of
a capital murder victim and her unborn child, the later swathed in white and
posed beside his mother in a single casket. 
33 S.W.3d 238, 242 (Tex. Crim. App. 2000).  Because
photos from the crime scene and autopsies had already been admitted, the court
held that the probative value of a posed funeral photograph was outweighed by
its prejudicial effect. The court emphasized that none of the facts shown by
the photograph were in issue, and said that the prosecutor in that case “seems
to admit that the photograph was intended to inflame the jury and influence it
to make its decision on an improper basis.” 
Id.
at 244.  

Clearly, an autopsy photo is more gruesome than a funeral
photo.  But it is also more likely to
reflect stark reality divorced from any emotional context.  The concern in Reese appears to have been the posed nature of the photo and the emotions
a funeral tends to evoke.  Indeed, the
court described the issue there as the admissibility of “a photograph of an
unborn child in a casket,” and distinguished cases from other jurisdictions of
similarly posed unborn victims.[1]

But autopsy photos are generally admissible, at least within the
general confines.  See Drew v. State, 76
S.W.3d 436, 452–53 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d).  Several of the highest courts of other states
have found autopsy photos of a fetus admissible over objections concerning the
potential prejudicial effect.  See Sitton v. State, 760 So.2d 28, 31 (Miss.
1999); People v. Heard, 718 N.E.2d
58, 81 (Ill. 1999); Commonwealth v. Lawrence, 536
N.E.2d 571, 579 (Mass. 1989).

The photo in this case was only one of 62 photographs
introduced in the trial, and one of 74 exhibits.  It appears to be a standard autopsy photo,
with the features one would normally associate with such photos.  There was testimony that appellant knew Palma
was pregnant, and the photo shows one effect of what he did.  When he testified during the punishment
phase, appellant (whose theory was that the shooting was an accident) claimed
“I suffered the most;” the prosecutor argued that the photo showed otherwise.  In closing arguments, the State focused primarily
on Palma’s murder and appellant’s
criminal record, not the autopsy photo.  

In sum, we hold the trial court did not abuse its discretion
in admitting the autopsy photograph.  Appellant’s
second point of error is overruled, and the judgment is affirmed.

 

 

                                                                        

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed October 31,
 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Publish
— Tex. R. App. P. 47.3(b).











[1] One of
our sister courts has found similar photographs admissible in a medical
malpractice case.  See Krishnan v. Ramirez, 42 S.W.3d 205, 219 (Tex. App.—Corpus
Christi 2001, pet. denied).  There is
some tension between the notion that such photographs are admissible to show
the suffering imposed by negligence, but not to show the suffering imposed by
an intentional act.