**Alex ERAZO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–01195–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 2002.

Discretionary Review Granted March 12, 2003.

Douglas M. Durham, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

SCOTT BRISTER, Chief Justice.

A jury found appellant guilty of murder and assessed life imprisonment and a $10,000 fine. In two points of error, he argues the trial court erred in *sua sponte* dismissing a juror who was not disqualified and in admitting a photograph of the deceased's unborn child during the punishment stage of the trial. We affirm.

On October 23, 2000, medical personnel and Houston police officers arrived at an apartment complex in north Houston in response to an emergency call. They found Kendy Palma on a bed inside one of the units, dead from a gunshot wound to her head. Jose Rigoberto Ayala, a resident of the complex, told police he had been outside smoking a cigarette when he saw appellant leave the apartment and throw a gun into the complex's dumpster. Police located appellant at another apartment complex, hiding under a kitchen sink. He waived his rights and admitted to the shooting. An autopsy determined that Ms. Palma was six to seven months pregnant at her death.

### I. Juror Dismissal

In his first point of error, appellant argues the trial judge erred by *sua sponte* excusing a juror who was not absolutely disqualified from service. We disagree.

A trial court has broad discretion to excuse a prospective juror for good

reason. *See, e.g., Wright v. State,* 28 S.W.3d 526, 533 (Tex.Crim.App.2000) (finding no error when trial court excused juror because of a recent death in the family). Here, the court expressed concern that the prospective juror failed to grasp basic legal concepts. If a juror cannot understand the routine words and concepts used in a trial, the juror may be excused upon motion or by the court *sua sponte. Maldonado v. State,* 998 S.W.2d 239, 251 (Tex.Crim. App.1999) (Price, J., concurring) (stating that court's discretion to strike jurors *sua sponte* was not limited to grounds listed in Tex.Code Crim. Proc. Art. 35.16); *see also Burton v. State,* 805 S.W.2d 564, 568 (Tex. App.-Dallas 1991, pet ref'd) (finding no error when trial court struck juror who was confused and unable to understand legal issues crucial to the case).

 Even assuming the trial court's ruling was error, appellant has not carried his burden to show harm. Citing *Payton v. State,* 572 S.W.2d 677, 680 (Tex.Crim. App.1978), he claims entitlement to reversal because of the erroneous discharge of a juror after the State had used all its peremptory challenges. But the Court of Criminal Appeals has abandoned *Payton* and adopted a new rule. *See Jones v. State,* 982 S.W.2d 386, 393–94 (Tex.Crim. App.1998). Because the rights of a defendant go to those who *serve* on the jury, not to those who are *excused* from it, erroneous discharge of a venire member requires reversal only if the error deprived the defendant of a lawfully constituted jury. *Id.* at 393. Appellant made no objection to the jury that convicted him, and has failed to show how they were unlawfully constituted. Appellant's first point of error is overruled.

## II. Autopsy Photograph

 In his second point of error, appellant complains of the admission during the punishment phase of the trial of a photograph of Ms. Palma's unborn fetus. The color, 4–by–5–inch autopsy photograph depicted the fetus at twenty-eight weeks gestation. Appellant contends the probative value of the photo is outweighed by its inflammatory nature.

The admissibility of photographs is within the sound discretion of the trial judge. *Chamberlain v. State,* 998 S.W.2d 230, 237 (Tex.Crim.App.1999). If verbal testimony of matters depicted in a photograph is admissible, generally so is the photograph itself. *Ramirez v. State,* 815 S.W.2d 636, 647 (Tex.Crim.App.1991). Nonetheless, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Tex.R. Evid. 403. Factors to be considered include "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed, and the availability of other means of proof and the circumstances unique to each individual case." *Chamberlain,* 998 S.W.2d at 237. A trial court does not err merely because it admits photographs that are gruesome. *Potter v. State,* 74 S.W.3d 105, 112 (Tex.App.-Waco 2002, no pet.), *citing Narvaiz v. State,* 840 S.W.2d 415, 430 (Tex.Crim.App. 1992).

In *Reese v. State,* the Court of Criminal Appeals held the trial court abused its discretion in admitting during the punishment phase an eight-by-ten-inch color photograph of a capital murder victim and her unborn child, the later swathed in white and posed beside his mother in a single casket. 33 S.W.3d 238, 242 (Tex.Crim. App.2000). Because photos from the crime scene and autopsies had already been admitted, the court held that the probative value of a posed funeral photo-

graph was outweighed by its prejudicial effect. The court emphasized that none of the facts shown by the photograph were in issue, and said that the prosecutor in that case "seems to admit that the photograph was intended to inflame the jury and influence it to make its decision on an improper basis." *Id.* at 244.

Clearly, an autopsy photo is more gruesome than a funeral photo. But it is also more likely to reflect stark reality divorced from any emotional context. The concern in *Reese* appears to have been the posed nature of the photo and the emotions a funeral tends to evoke. Indeed, the court described the issue there as the admissibility of "a photograph of an unborn child in a casket," and distinguished cases from other jurisdictions of similarly posed unborn victims.[1]

But autopsy photos are generally admissible, at least within the general confines. *See Drew v. State,* 76 S.W.3d 436, 452–53 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). Several of the highest courts of other states have found autopsy photos of a fetus admissible over objections concerning the potential prejudicial effect. *See Sitton v. State,* 760 So.2d 28, 31 (Miss. 1999); *People v. Heard,* 187 Ill.2d 36, 240 Ill.Dec. 577, 718 N.E.2d 58, 81 (1999); *Commonwealth v. Lawrence,* 404 Mass. 378, 536 N.E.2d 571, 579 (1989).

The photo in this case was only one of 62 photographs introduced in the trial, and one of 74 exhibits. It appears to be a standard autopsy photo, with the features one would normally associate with such photos. There was testimony that appellant knew Palma was pregnant, and the photo shows one effect of what he did.

When he testified during the punishment phase, appellant (whose theory was that the shooting was an accident) claimed "I suffered the most;" the prosecutor argued that the photo showed otherwise. In closing arguments, the State focused primarily on Palma's murder and appellant's criminal record, not the autopsy photo.

In sum, we hold the trial court did not abuse its discretion in admitting the autopsy photograph. Appellant's second point of error is overruled, and the judgment is affirmed.

---

1. One of our sister courts has found similar photographs admissible in a medical malpractice case. *See Krishnan v. Ramirez,* 42 S.W.3d 205, 219 (Tex.App.-Corpus Christi 2001, pet. denied). There is some tension between the notion that such photographs are admissible to show the suffering imposed by negligence, but not to show the suffering imposed by an intentional act.