COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

                                                 NO.
2-09-270-CR

 

 

JOHN REDFEARN                                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

 

                                                       ------------

 

                FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
John Redfearn appeals his conviction for felony driving while intoxicated (DWI)
and his sentence of 75 years=
confinement.  In three issues, he alleges
that the trial court erred by denying his challenges for cause to certain
prospective jurors and by admitting certain evidence.  We overrule each of Appellant=s
issues and affirm the trial court=s
judgment.








                                            Background
Facts

On
August 9, 2008, Robert Mayo, a Denton resident, left work at approximately 2:30
a.m.  As Mayo was driving home, he
approached the intersection of Carol and Sherman Streets to turn onto Sherman
Street.  Appellant was sitting in the
driver=s
seat of his car, which was parked on Carol Street in the left turn lane with
its lights on and the engine running. 
Appellant had the go-ahead but did not move.  Mayo waited for about thirty seconds before
deciding to go and continue home.  Once
there, Mayo spoke with his girlfriend and then went out again to get some fast
food.  In doing so, Mayo drove past the
Carol Street intersection and noticed that Appellant was still sitting in his
car.

Meanwhile,
two men were standing near a closed gas station at the same intersection.  One of the men had approached Appellant=s
car in an effort to wake him.  In
response, Appellant drove very slowly on the wrong side of the road.  Mayo called 911 and was relaying information
about Appellant=s driving behavior and
location to the operator while watching Appellant continue driving at
approximately two miles per hour. 
Appellant turned his car into a parking lot and drove off of a
two-foot-high embankment.  He then drove
through another parking lot and into a car wash.

Jerrett
Klar, an officer with the City of Denton Police Department who was assigned to
DWI enforcement, was dispatched to the car wash where Mayo had reported seeing
Appellant, who appeared intoxicated.  As
Klar arrived, Appellant was getting out of his car.

Klar
immediately noticed that Appellant=s
breath smelled strongly of alcohol and that his eyes were red and glassy.  Klar asked Appellant to rank his own level of
intoxication, and Appellant said he was a four on a scale of ten.  When asked if he was safe to drive, Appellant
said, Athe
honest truth, no,@ and, AI
don=t
need to be out here on the road.@  Appellant asked Klar if he could just be
arrested for public intoxication.

Klar
administered three field sobriety tests to Appellant:  the horizontal
gaze nystagmus (HGN) test, the one-leg-stand test, and the alphabet test.  Appellant failed all three.  Appellant then refused to take a breath or
blood test.

Appellant
was indicted for felony DWI, enhanced jurisdictionally by two stipulated prior
misdemeanor DWI=s.  The State also alleged two previous felony
convictions to enhance Appellant=s
punishment.  Appellant was convicted and
sentenced to 75 years= confinement.

                                         Challenges For Cause

Appellant
contends in his first issue that the trial court erred by refusing his
challenges for cause to certain jurors based on their expressed difficulty in
considering the minimum range of punishment for a person convicted of
felony DWI.

Preservation of Error

To
preserve error regarding a trial court=s
denial of a challenge for cause, a defendant must:  (1) exercise
a peremptory challenge on a venire member whom the trial court should have
excused for cause; (2) exhaust all of his peremptory challenges;
(3) request and be denied an additional peremptory challenge;
(4) identify the objectionable venire member who actually sat on the jury
whom he would have struck otherwise; and (5) make the trial court aware of
his complaint at a time and in a manner wherein it could be corrected.  Loredo v. State, 159 S.W.3d 920, 923
(Tex. Crim. App. 2004); see Johnson v. State, 43 S.W.3d 1, 5B6
(Tex. Crim. App. 2001); Payton v. State, 572 S.W.2d 677, 680 (Tex. Crim.
App. 1978); see also Tex. R. App. P. 33.1.

Furthermore,
an appellant challenging denials of challenges for cause is entitled to
appellate review of denials only with respect to jurors he used statutory
peremptory strikes to exclude.  Busby
v. State, 253 S.W.3d 661, 671 (Tex. Crim. App.), cert. denied, 129
S. Ct. 625 (2008).

Jury Selection in this Case

During
voir dire, the State asked prospective jurors whether they could Aimagine
a set of circumstances@ in which they could
consider assessing the minimum punishment of two years=
confinement for a felony DWI.

Appellant
asked the panel members to consider another optionCthat
an accused who is eligible may receive a probated sentenceCasking
them, AWhen
you have somebody who=s been shown to be eligible
for probation, what I=d like to know is whether
you can consider or conceive of a set of facts where you can give probation.@

Twenty-one
or twenty-two prospective jurors responded that they could not consider
probation under those circumstances.  Of
these, the trial court granted certain challenges for cause for other
reasons.  Appellant then challenged for
cause the remaining prospective jurors who could not consider probation.  The State argued that he was factually
ineligible for probation (because of Appellant=s
prior felony convictions), and thus probation did not apply.  The trial court overruled Appellant=s
challenges to the panel members in question.

Appellant
then used his peremptory challenges or Astrikes@ on
six persons whom he had attempted to challenge for cause based on their responses
to the Aprobation
consideration@
question.  He did not, however, exercise
strikes on four of the jury members whom he had challenged on the ground that
they had expressed difficulty considering probation.  Instead, he exhausted his remaining strikes
on four other venire members.  Appellant
then requested additional strikes.  The
trial court denied his request, and the jury was seated and sworn.

Because
Appellant did not use all of his peremptory challenges on the Aobjectionable@
prospective jurors he contends the trial court erred to admit over his
challenge for cause, he has failed to properly preserve this issue on
appeal.  See Tex. R. App. P.
33.1(a)(1); Busby, 253 S.W.3d at 670B71.  In cases dealing with the trial court=s
denial of a challenge for cause, an appellant is required to show that he
(1) exercised a peremptory on a challenged-for-cause venire member, which
challenge was erroneously denied; (2) exhausted his peremptory challenges;
(3) was denied a request for additional peremptory challenge; and
(4) identified an objectionable juror who served on the case.  Johnson v. State, 43 S.W.3d at 5B6.  Most cases seem to assume, without
discussion, that by the term Aobjectionable
juror@ is
meant a juror who was subject to a challenge for cause which challenge was
denied by the trial court.

A
case which is specific in this regard and quite similar to this case on this
issue is Brantley v. State, 48 S.W.3d 318 (Tex. App.CWaco
2001, pet. ref=d).  In Brantley, the defendant challenged
for cause twenty-three jurors who indicated that they could not consider the
full range of punishment.  The trial
court granted seven of those challenges and overruled sixteen.  Two of those objectionable jurors sat on the
jury, and the trial court denied a request for additional peremptory
challenges.  The defendant used four
peremptory challenges on those who could not consider probation, and the other
six against venire members who had not been challenged for cause.  The court of appeals held that the defendant
could have used the six peremptory challenges on those who had been subject to
a challenge for cause which was erroneously deniedCtherefore,
he could not show harm.  Id. at
328.

As
in Brantley, here, Appellant used four peremptory challenges on venire members
who he had not challenged for cause that he could have used on those who he had
challenged for cause.  Because he did
not, he does not show harm.  Id.

An
additional basis for holding for the State is that Appellant did not timely
request additional peremptory challenges. 
The time to make, or not make, peremptory challenges is before the names
of jurors are called by the clerk.  Tex.
Code Crim. Proc. Ann. arts. 35.01 (Vernon Supp. 2009), 35.26 (Vernon
2006).  This is basic.  In referring to the practice of allowing
peremptory challenges after the names of the jurors are called, one court,
after concluding that a request for additional peremptory challenges was
untimely, opined, ANor does it seem to us such
process would accord fair treatment to the opposing party who must exercise
peremptory challenges without benefit of knowing which venire members will be
on the jury.@  McBean v. State, 167 S.W.3d 334, 338
n.3 (Tex. App.CAmarillo
2004, pet. ref=d).  Accordingly, we overrule Appellant=s
first issue.

                          Admission of Demonstrative Evidence

Appellant
claims, in issues two and three, that the trial court erred by admitting State=s
Exhibit 2, a CD which the State introduced to assist the arresting officer in
explaining the effects of alcohol on a person=s
eyes with and without increased nystagmus. 
The trial court overruled Appellant=s
objections, admitted the CD, and then permitted Officer Klar to use the CD in
his testimony.  Appellant now complains
that the CD was inadmissible both because the CD was more prejudicial than
probative under rule 403 of the Texas Rules of Evidence and because the State
failed to lay the proper predicate as required by rule 701.  Appellant also asserts that the trial court
erred by admitting the arresting police officer=s
testimony regarding his administration of the HGN test to Appellant.

Standard of Review

The
admissibility of evidence is within the discretion of the trial court and will
not be overturned on appeal absent an abuse of discretion.  Moses v. State, 105 S.W.3d 622, 627
(Tex. Crim. App. 2003); Reed v. State, 59 S.W.3d 278, 280 (Tex. App.CFort
Worth 2001, pet. ref=d).  As long as the trial court=s
ruling lies within the zone of reasonable disagreement, the appellate court
should affirm.  Moses, 105 S.W.3d
at 627.  The trial court, as gatekeeper,
has the discretion to decide whether a proponent of evidence has laid the
proper predicate for its admission.  Romero
v. State, 800 S.W.2d 539, 543B44
(Tex. Crim. App. 1990).  We review a
trial court=s
decision to admit or exclude evidence under an abuse of discretion
standard.  Montgomery v. State,
810 S.W.2d 372, 378B80 (Tex. Crim. App. 1991)
(op. on reh=g).  Moreover, if the trial court=s
ruling with regard to the admission of evidence is correct under any theory of
law applicable to the case, we will not disturb that ruling on appeal.  Romero, 800 S.W.2d at 543; Reed,
59 S.W.3d at 280B81.

Before
demonstrative evidence is admitted at trial, it must be properly
authenticated.  Baker v. State,
879 S.W.2d 218, 220 (Tex. App.CHouston
[14th Dist.] 1994, pet. ref=d); see
also Tex. R. Evid. 701.  Once
authenticated, demonstrative evidence is admissible to help a witness
demonstrate or explain his testimony.  Torres
v. State, 116 S.W.3d 208, 213 (Tex. App.CEl
Paso 2003, no pet.).  Visual, real, or
demonstrative evidence, regardless of which term is applied, is admissible if
it tends to solve some issue in the case and is relevant to the subject at
hand.  Simmons v. State, 622
S.W.2d 111, 113 (Tex. Crim. App. 1981). 
HGN test results are generally regarded as scientifically reliable and
admissible when properly authenticated.  Emerson
v. State, 880 S.W.2d 759, 768B69
(Tex. Crim. App.), cert. denied, 513 U.S. 931 (1994).

Use of Demonstrative
Evidence at Appellant=s
Trial

Here,
Klar testified that he had reviewed State=s
Exhibit 2, the CD, before trial and that it depicted an example of nystagmus in
a person in a controlled environment without the increased nystagmus due to
alcohol and that the CD would help the jury understand his testimony regarding
the HGN test that he had administered to Appellant.  Klar then told the jurors that he had
administered the HGN test to Appellant. 
He used State=s Exhibit 2 to help explain
to the jurors what he looked for in administering the HGN test to
Appellant.  Klar then told the jury that
when he administered the HGN test, Appellant exhibited six out of the six
indicators of intoxication.

State=s
Exhibit 2 was not offered as substantive evidence of Appellant=s
intoxication, but as a tool to help the arresting police officer explain the
HGN test that he performed on Appellant. 
See Torres, 116 S.W.3d at 213. 
Under these circumstances, the CD was admissible as demonstrative
evidence of what the test and procedure are in the conduct of an HGN test.  See Tex. R. Evid. 701.  Moreover, the probative value of State=s
Exhibit 2 was not substantially outweighed by the danger that it would unfairly
prejudice the jurors.  Tex. R. Evid. 403;
Montgomery, 810 S.W.2d at 389. 
Thus, the trial court=s
ruling admitting the CD was not an abuse of discretion.  We overrule issues two and three.

Having
overruled each of Appellant=s
issues, we affirm the trial court=s
judgment.

 

 

CHARLES BLEIL

JUSTICE

 

PANEL:  DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL
(Senior Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 26, 2010











[1]See Tex. R. App. P. 47.4.