

AFFIRM; Opinion Filed September 10, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-10-00953-CR

FERNANDO MEDINA ZAPATA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F08-55960-P

# MEMORANDUM OPINION

Before Justices Morris, Moseley, and Francis
Opinion By Justice Moseley

The jury convicted Fernando Medina Zapata of the capital murder of Heather Franklin and her unborn child. The trial court assessed a life sentence, as required by statute. TEX. PENAL CODE ANN. § 12.31(a) (West 2011). In three issues, Zapata argues the evidence is legally insufficient to establish that he committed the crime or that he intentionally or knowingly caused the death of the complainant's unborn child and the trial court erred by admitting an autopsy photograph of the unborn child because it was more prejudicial than probative. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.



Appellant's first and second issues challenge the legal sufficiency of the evidence. We apply the appropriate standard of the review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (U.S. 2012). A person commits murder if he intentionally or knowingly causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). A person commits capital murder if the person commits murder and murders more than one person during the same criminal transaction. *Id.* § 19.03(a)(7)(A). An individual means a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth. *Id.* § 1.07(a)(26).

The record indicates the complainant, Heather Franklin, was Zapata's uncle's fiancé. Zapata met Heather's cousin, Flora Franklin, and began dating her during a visit with his uncle and Heather in Gainesville. Around this time, Heather learned she was pregnant with her third child. Flora testified Heather told everyone she was pregnant. Flora testified Zapata knew Heather was pregnant because everyone knew. Paul Franklin testified Zapata was at his house playing video games when Heather came over and told everyone she was pregnant. Zapata, however, testified he did not know Heather was pregnant and had only heard of pregnancy "scares." He heard alternately that she was and was not pregnant, so he took it as a joke.

Zapata, Flora, and Heather traveled to Dallas in May of 2008 for Memorial Day weekend. There is evidence the group had a 9-millimeter handgun and ammunition in the car. During the trip, Zapata and Flora argued frequently. The three went to several clubs one evening, but Zapata and Flora continued fighting during the evening. They returned to the motel around sunrise and checked out of the motel later that morning to go shopping. While in the car, Zapata received a text message from his ex-wife; Flora accused him of continuing his relationship with his ex-wife. Zapata started yelling and hit Flora in the chest with his fist. Heather was in the back seat and started fighting with

Zapata, saying he had hit Flora for the last time.

Later that day, it was decided that Zapata would stay in Dallas while the two women returned to Gainesville. The arguments continued as they drove to Zapata's sister's house to drop him off. Zapata stopped the car on a back road and told Heather to get out of the car. As Heather was getting her belongings, Zapata took the gun from the console of the car and shot Heather in the face, killing her. Zapata then dragged Heather out of the car and Zapata and Flora drove away. Zapata told Flora to say that Heather had stayed in Dallas if anyone asked. Later, Zapata pulled over and got out of the car. Flora drove away and called police.

Later that day, Zapata bought a bus ticket to Laredo under the name of Fernando Hernandez and left town. Dallas police contacted the Travis County Sheriff's Office and Zapata was arrested when the bus stopped in Austin. While in custody in Austin, he was observed pouring water on his cell phone and shoes.

Zapata testified that it was Flora who pulled the gun on him and that Flora accidentally shot Heather.

In support of his insufficiency argument on identity, Zapata points to evidence that he had no problems with Heather in the past and evidence that Flora and Heather were "competitors" and fought over him. He also relies on his testimony that, although accidentally, it was Flora who shot Heather.

It is the factfinder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). When the record supports conflicting

inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Here, the jury believed Flora's testimony that Zapata took the gun and shot Heather, causing her death and the death of her unborn child. The jury's inferences are reasonable considering the combined and cumulative force of all the evidence and we defer to the jury's determination of guilt.

Zapata relies on *Roberts v. State* to support his argument that there is no evidence he intended to kill the unborn child. *See Roberts v. State*, 273 S.W.3d 322 (Tex. Crim. App. 2008). *Roberts*, however, is distinguishable because it was undisputed in that case the defendant did not know the victim was pregnant. *Id.* at 331.

In *Lawrence v. State*, the court of criminal appeals held that a person who "intentionally or knowingly" causes the death of a woman and "intentionally or knowingly" causes the death of her unborn child, at any stage of gestation, commits capital murder, and that the plain language of the statutes prohibits the "intentional or knowing" killing of any unborn human, regardless of age. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *see Roberts*, 273 S.W.3d at 328. "The statutory definitions of intentional or knowing culpability with respect to the result of conduct, as correctly reflected in the jury charge, require the defendant to have the conscious objective or desire to cause the result, or *to be aware that his conduct is reasonably certain to cause the result.*" *Roberts*, 273 S.W.3d at 328 (emphasis added); *see* TEX. PENAL CODE ANN. § 6.03(a), (b).

There is evidence—albeit disputed—in this case that Zapata knew Heather was pregnant. Thus, a reasonable jury could conclude that Zapata was aware that his conduct in shooting Heather was reasonably certain to result in the death of her unborn child. *See Estrada v. State*, 313 S.W.3d 274, 304–05 (Tex. Crim. App. 2010) (evidence appellant knew woman was pregnant and "jury could reasonably infer from this evidence that appellant was aware that strangling a pregnant woman and

stabbing her thirteen times with a knife was reasonably certain to cause the unborn child's death"), *cert. denied,* 131 S. Ct. 905 (U.S. 2011).

Considering all the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found the accused guilty of the offense beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Adames,* 353 S.W.3d at 860. Thus, we decide appellant's legal sufficiency issues against him. We overrule Zapata's first and second issues.

In his third issue, Zapata contends the trial court erred by admitting an autopsy photograph of the unborn child because the probative value was substantially outweighed by the danger of unfair prejudice. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Relevant evidence may be excluded if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403; *Gigliobianco v. State,* 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (listing factors in balancing analysis required by rule 403). With regard to the admission of photographs, courts also consider factors including the number of photographs, the size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy. *See Erazo v. State,* 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

The State offered the photograph through the testimony of the medical examiner. He explained that Heather was pregnant at the time of her death and the photograph showed a normal male fetus about eighteen weeks in gestational age. The fetus died of intrauterine fetal demise, that is, it was no longer receiving oxygen because the mother was no longer pumping blood. The killing of the mother also killed the fetus. The record does not reflect whether the photograph shown to the

jury was in color or its size. There is some indication that the State did not display the photograph on the overhead screen. The copy of the photograph in the record is black and white and about eight inches by ten inches in size.

Zapata relies heavily on *Erazo*. In *Erazo*, the court of criminal appeals held an autopsy photograph of the murder victim's unborn child admitted at the punishment phase was substantially more prejudicial than probative. 144 S.W.3d at 488. The photograph was admitted during the punishment phase without a sponsoring witness. *Id.* at 492–93. The defendant was charged with murdering the mother, not the unborn child. *See Erazo v. State*, 93 S.W.3d 533, 534 (Tex. App.—Houston [14th Dist.] 2002), *rev'd*, 144 S.W.3d 487 (Tex. Crim. App. 2004). The court of criminal appeals concluded the photograph had almost no probative value, appealed to the jury's emotions and encouraged jurors to decide on an emotional basis, and the State did not need the photograph for any relevant purpose. *Id.* at 492–96.

However, *Erazo* is distinguishable because it involved a photograph of a victim not named in the indictment, which is not the case here. *See Erazo*, 144 S.W.3d at 494 (distinguishing photographs discussed in other cases "because they showed wounds suffered by the victim (or victims) for whose death the defendants were on trial or demonstrated elements that the State or plaintiff was required to prove to obtain a conviction or judgment").

Zapata was charged with the murder of not only Heather, but her unborn child. Although he conceded at trial that Heather was pregnant, Zapata claimed he did not know she was pregnant at the time and he disputed that he intentionally or knowingly caused the death of the unborn child. The photograph related to the victim of a charged offense. Only one photograph was used, it was used during the medical examiner's testimony regarding the death of the fetus, and presentation of the evidence took little time. The photograph is not gruesome and does not depict mutilation of the body

–6–

by the autopsy. Considering the relevant factors, we cannot say the trial court abused its discretion by admitting the photograph. We overrule Zapata's third issue.

We affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
100953F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

FERNANDO MEDINA ZAPATA,
Appellant

No. 05-10-00953-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F08-55960-P).
Opinion delivered by Justice Moseley,
Justices Morris and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 10, 2012.

JIM MOSELEY
JUSTICE

*Record Retention Form - Criminal Cases*

Appellate Cause No.: 05-10-00953-CR

Style: Fernando Medina Zapata     v. The State of Texas

County: DALLAS

Published:     NO

Case Disposition & Date: Affirmed; September 10, 2012

Description/Subject of Case: Appeal of capital murder conviction and automatic life sentence.

*(Keep only opinions that fall under archive retention criteria - see list below)*

RECOMMENDATION:          [ ] Destroy          [X] Retain

[X]     The sentence imposed in the criminal case is more than 20 years confinement. (In the event there are companion cases, if the sentence in any case is more than 20 years, the records of all companion cases must be retained.)

[ ]     The case involves a sex offense and the defendant is sentenced to the penitentiary for that offense.

[ ]     The appeal involves a ruling on a motion for post-conviction DNA testing under chapter 64 of the Texas Code of Criminal Procedure and the record of an appeal of the underlying conviction was or would have been designated for retention (i.e., sentence(s) more than 20 years confinement; sex offense in which defendant sentenced to prison).

[ ]     The opinion in the case is published.

[ ]     The case contains unique information regarding local history, public figures (including victims, complainants, or witnesses), local events, or there are aspects of the case which are particularly notorious;

[ ]     The records, in the opinion of the clerk or other person designated by the Court, contain highly concentrated, unique, and valuable information unlikely to be found in any other source available to researchers;

[ ]     The records have been determined to be archival state records;

[ ]     The records are indexes, original opinions, minutes, and general court dockets which have not been microfilmed.

SIGNED:_____

DATE:___September 10, 2012_____          SERIES NO.:_____